UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ELLEN CHARTERS

    Plaintiff.

-v-

Case No.: 3:11cv384-MCR/CJK

CITIBANK (SOUTH DAKOTA), N.A.
ZAKHEIM & LAVRAR, P.A.
SCOT ZAKHEIM
FLYNN LAVRAR
MICHELLE NIHISER
RICHARD BATTAGLINO, ET. AL.

    Defendants.

### FIRST AMENDED COMPLAINT

Plaintiff, MARY ELLEN CHARTERS, hereby sues Defendants, CITIBANK (SOUTH DAKOTA), N.A., ZAKHEIM & LAVRAR, P.A., MICHELLE NIHISER, RICHARD BATTAGLINO, ET. AL. and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI); and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of Florida Statute 837.02, Filing a False Document with the Court / Perjury in Official Proceedings and violations of Title 18 USC Sect. 1341, Chp. 63, Mail Fraud and Other Fraud Offenses.

U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

11 AUG 18  AM 9:30

FILED

Receipt # FLN3-5374

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $31,478.00.

5. Plaintiff, MARY ELLEN CHARTERS, is a natural person and is a resident of the State of Florida.

6. Defendant, CITIBANK (SOUTH DAKOTA) N.A., is a private company headquartered in Sioux Falls, S.D. and categorized under banks. It is not registered with the Florida Department of State, Division of Corporations to do business in Florida.

7. Defendant ZAKHEIM & LAVRAR, P.A. are listed as a domestic for profit corporation that is active by the Florida Department of State, Division of Corporations and is authorized to do business in Florida.

8. Defendant SCOT ZAKHEIM is listed by the Florida Department of State, Division of Corporations as a Director of ZAKHEIM & LAVRAR, P.A.

9. Defendant FLYNN LAVRAR is listed by the Florida Department of State, Division of Corporations as a Vice President of ZAKHEIM & LAVRAR, P.A.

10. Defendant MICHELLE NIHISER, Fla Bar No. 84541 is employed by the law firm ZAKHEIM & LAVRAR, P.A. as an attorney.

11. Defendant RICHARD BATTAGLINO, Fla Bar No. 0587931 is employed by the law firm ZAKHEIM & LAVRAR, P.A. as an attorney.

12. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

13. Defendants CITIBANK (SOUTH DAKOTA), N.A., ZAKHEIM & LAVRAR, P.A., MICHELLE NIHISER, RICHARD BATTAGLINO, ET. AL. are third party debt collectors but are fraudulently purporting to be contractual representatives of CITIBANK (SOUTH DAKOTA) N.A. They have purchased from CITIBANK (SOUTH DAKOTA) N.A. an alleged debt that has never been validated or verified and is disputed by the Plaintiff. CITIBANK (SOUTH DAKOTA), N.A., ZAKHEIM & LAVRAR, P.A., MICHELLE NIHISER, RICHARD BATTAGLINO, ET. AL. has been relentless in their pursuit to try and collect on a purported debt they purchased from CITIBANK (SOUTH DAKOTA) N.A.

15. On July 8, 2011, CITIBANK (SOUTH DAKOTA) N.A and by and through their attorneys ZAKHEIM & LAVRAR, P.A., et. al. violated Florida Statute 837.02 and committed numerous felonies by willingly, wantonly and maliciously entering false documents into the court's record by filing a false complaint with the court in Escambia County, FL. in an attempt to deceive the court and defraud the Plaintiff.

Plaintiff contends that the illegal actions of Defendants CITIBANK (SOUTH DAKOTA) N.A have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS 2011, CITIBANK (SOUTH DAKOTA), N.A., ZAKHEIM & LAVRAR, P.A., MICHELLE NIHISER, RICHARD BATTAGLINO, ET. AL.

16. Paragraphs 1 through 15 are realleged as though fully set forth herein.

17. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

18. Defendants ZAKHEIM & LAVRAR, P.A., et. al. are a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

19. Defendants ZAKHEIM & LAVRAR, P.A., et. al. repeatedly violates the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692e(4) Non payment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

(c) Defendants ZAKHEIM & LAVRAR, P.A., et. al., Threatened to take any action that cannot legally be taken or that is not intended to be taken.

(d) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(e) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692e(9), Represent documents as authorized, issued or approved by any court, official, or agency of the United States or state.

(f) Defendants ZAKHEIM & LAVRAR, P.A., et. al violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(g) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt

collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(h) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against Defendants ZAKHEIM & LAVRAR, P.A., et. al. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS ZAKHEIM & LAVRAR, P.A., et. al.

20. Paragraphs 1 through 19 are realleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

22. Defendants ZAKHEIM & LAVRAR, P.A., et. al. is a debt collector within the meaning of the FCCPA, Fla. Stat. §559.55(6).

23. Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated the FCCPA. Defendant's violations include, but are not limited to the following:

(a) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(b) Defendants ZAKHEIM & LAVRAR, P.A., et. al. violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Defendants ZAKHEIM & LAVRAR, P.A., et. al. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS ZAKHEIM & LAVRAR, P.A., et. al.

24. Paragraphs 1 through 23 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

26. Defendants ZAKHEIM & LAVRAR, P.A., et. al. are furnishers of information

within the meaning of the FCRA, 15 U.S.C. §1681s-2.

27. Defendants ZAKHEIM & LAVRAR, P.A., et. al. willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendants ZAKHEIM & LAVRAR, P.A., et. al. willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendants ZAKHEIM & LAVRAR, P.A., et. al. willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants ZAKHEIM & LAVRAR, P.A., et. al. willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendant ZAKHEIM & LAVRAR, P.A., et. al. willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants ZAKHEIM & LAVRAR, P.A., et. al. for actual or statutory damages, and punitive damages, attorney's fees

and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANTS ZAKHEIM & LAVRAR, P.A., et. al.

28. Paragraphs 1 through 27 are realleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Defendants ZAKHEIM & LAVRAR, P.A., et. al. are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

31. Defendants negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendants ZAKHEIM & LAVRAR, P.A., et. al. negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendants ZAKHEIM & LAVRAR, P.A., et. al. negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants ZAKHEIM & LAVRAR, P.A., et. al. negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Defendants ZAKHEIM & LAVRAR, P.A., et. al. for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## COUNT V

### VIOLATION OF FLORIDA STATUTE 837.02: KNOWINGLY FILING A FALSE DOCUMENT WITH THE COURT; VIOLATION OF TITLE 18 USC SECT. 1341, CHAPTER 63 MAIL FRAUD AND OTHER FRAUD OFFENSES BY DEFENDANTS . CITIBANK (SOUTH DAKOTA), N.A., ZAKHEIM & LAVRAR, P.A.,MICHELLE NIHISER, RICHARD BATTAGLINO, ET. AL.

34. Paragraphs 1 through 31 are realleged as though fully set forth herein.

35. Defendants ZAKHEIM & LAVRAR, P.A., et. al. committed felonies with intent to defraud the Plaintiff by willfully, wantonly and knowingly filing a false document with the court and the Plaintiff and used the US Postal Service to commit these felonies. ZAKHEIM & LAVRAR, P.A., et. al.violated Florida Statute 837.02, Filing a False Document with the Court, Perjury in Official Proceedings which is a felony of the third degree and Florida Statute 838.022 Official Misconduct; (1) It is unlawful for a public servant, with corrupt intent to obtain a benefit for any person or to cause harm to another, to: (a) Falsify, or cause another person to falsify, any official record or official document. ZAKHEIM & LAVRAR, P.A., et. al. violated Title 18 USC Sect. 1341, Chapter 63; Mail Fraud and Other Fraud Offenses. A crime in which the perpetrator develops a scheme using the mails to defraud another of money or property. This crime specifically requires the intent to defraud, and is a federal offense governed by section 1341 of Title 18 of the U.S. Code. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent

pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives there from, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

WHEREFORE, Plaintiff demands judgment for damages against Defendants ZAKHEIM & LAVRAR, P.A., et. al. for actual damages, and attorney's fees and costs, pursuant to Florida Statute 775.082 and 775.083, Penalties and Fines and maximum penalties and fines for Postal Fraud violations.

(A). For each felony count, a term of imprisonment not exceeding five years. (FL Statute 775.082 d )

(B). $5,000. per count in fines. (FL Statute 775.083c)

(C). Double the pecuniary gain that Defendant would have gained for a total amount of $21,478 to the Plaintiff. (FL Statute 775.083f)

(D). Punitive damages of $10,000. to Plaintiff for mental anguish, hassle, stress, loss of good name, loss of credit worthiness, high interest rates on loans and credit cards, bad credit scores reflected on credit reports resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, humiliation, marital stress, a loss

of reputation, and expenditures for attorney's fees and costs.

(E). Disbarment.

(F). Court sanctions.

(G). Written apology.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 3, 2011

Respectfully submitted,

*Mary Ellen Charters*
Mary Ellen Charters
3101 E. Mallory St.
Pensacola, FL 32503
850-454-9264