# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MARY ELLEN CHARTERS

     vs									Case No. 3:11cv384/MCR/EMT

CITIBANK SOUTH DAKOTA NA,  et al.,

 

**ORDER**

Several "**Waiver of the Service of Summons"** forms, received by the clerk of the court on October 19, 2011, were referred to the undersigned with the following deficiencies:

> The documents do not contain original signatures.  An original signature must be affixed to any document filed in paper form.  *See* Fed. R. Civ. P. 11(a); N.D. Fla. Loc. R. 5.1(B)(5).

> Plaintiff did not follow the instructions on the waiver of service forms.  There is a Defendant's name on each form in the blank designated for <u>Plaintiff's attorney or unrepresented Plaintiff</u>, and Plaintiff has written her name and contact information in the section of the form designated for <u>Defendant's attorney or the unrepresented Defendant</u>.[1]

For these reasons, it is **ORDERED** that:

> The waiver of service forms submitted by Plaintiff shall be returned to Plaintiff, as they do not reflect proper waivers of service.  Plaintiff may either attempt to secure proper waivers of service, or personally serve the remaining Defendants.

---

[1] Plaintiff made the same error in filling out the waiver of service form for Citibank South Dakota. However, counsel for that Defendant managed to include the necessary information in another area of the form, elctronically filed the waiver of service, and filed a notice of appearance. Therefore, Defendant Citibank's waiver of service will be considered valid.

FLN (Rev. 4/2004) Deficiency Order                                                                                           Page 2 of 2

**DONE AND ORDERED** this 26th day of October 2011.

                                                  /s/ *Elizabeth M. Timothy*
                                                **ELIZABETH M. TIMOTHY**
                                                **UNITED STATES MAGISTRATE JUDGE**