IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

MARY ELLEN CHARTERS,

        Plaintiff,

v.                                                                                      Case No. 3:11-cv-00384-MCR-EMT

CITIBANK (SOUTH DAKOTA), N.A.;
ZAKHEIM & LAVRAR, P.A.; SCOT
ZAKHEIM; FLYNN LAVRAR;
MICHELLE NIHISER; RICHARD
BATTAGLINO, ET. AL.,

        Defendants.
_____/

**MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, Defendant, CITIBANK, N.A., as successor in interest to CITIBANK (SOUTH DAKOTA), N.A. (hereinafter, "Citibank"), pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and moves for entry of an order dismissing Plaintiff's First Amended Complaint *without leave to amend* as the Plaintiff has failed to state a claim upon which relief can be granted and cannot state a claim upon which relief can be granted. In support thereof, Citibank respectfully submits the following memorandum of law in support of its motion.

**MEMORANDUM OF LAW**

I.    **Introduction**

The Plaintiff's First Amended Complaint (the "Complaint") must be dismissed *with prejudice* as to Citibank because the Plaintiff has not and cannot state a claim

1382726-3                                                         1

against Citibank. Specifically, the Plaintiff has not presented any cognizable legal claims or any allegations of fact to support any claims for relief against Citibank. Instead, the Plaintiff has presented a series of unintelligible, incoherent sentences, intermixed with various statutory references that hardly mention or even refer to Citibank. Indeed, Plaintiff has not asserted a single, coherent factual allegation that attempts to connect Citibank to any alleged wrongdoing. In fact, aside from the jurisdictional allegations, only two paragraphs of the Complaint (specifically paragraphs 13 and 15) even mention Citibank which on their face do not support any claim against Citibank but rather contradict each other.

In Paragraph 13, the Plaintiff alleges that Citibank is a third party debt collector and then subsequently alleges that Citibank and the other Defendants purchased a debt from Citibank as apparent owner of the debt. Compl., ¶ 13. Even if such a logical fallacy could be reconciled, the Plaintiff never specifies any details or information about the debt, specifically how or when the alleged debt originated, who owes the debt, or how much money is owed. The Plaintiff does not even allege when, how, or, if at all, Citibank attempted to collect on such debt. Ultimately, the Plaintiff provides no indication as to whether the debt or any collection thereof even affects her, much less how or if it harmed her.

In Paragraph 15, the Plaintiff alleges that Citibank, through its attorneys, violated Fla. Stat. § 837.02 and committed unspecified felonies by allegedly filing false documents and a false complaint in Escambia County, Florida. Compl. ¶ 15. Again, the Plaintiff provides no helpful or useful information as to what the alleged "false

documents" or "felonies" are, how such documents or felonies harmed her, or even the name or case number for the Escambia County lawsuit mentioned. Ultimately, without alleging any details concerning the alleged false documents or felonies, the Plaintiff has failed to provide Citibank with any indication as to the basis for her allegations related thereto.[1]

The only indication as to Plaintiff's claims in this lawsuit come from the headings of the Counts within the Complaint that specify various federal and state statutes, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); Perjury in Official Proceedings, Fla. Stat. § 837.02 ("Perjury"); and Mail Fraud and Other Offenses, 18

---

[1] Additionally, Florida's litigation immunity privilege precludes such claims. The litigation immunity privilege affords all persons involved in judicial proceedings, including parties and counsel, with an absolute privilege from civil liability for acts taken in relation to those proceedings. *Levin, Middlebrooks, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). The rationale behind the litigation immunity privilege is "that participants in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim. . . . [In other words,] participants [in litigation must] be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Id.* (citations omitted). In defining the litigation immunity privilege, the Florida Supreme Court has stated that "[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (quoting *Levin, Middlebrooks, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606 (Fla. 1994)). Note that the *Echevarria* case applied the litigation immunity privilege to a claim made under the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.*, as likewise asserted in this lawsuit.

U.S.C. § 1341 ("Mail Fraud").[2]  However, the paragraphs of these counts do not contain any factual allegations related to these headings.  Instead, they merely consist of conclusory statements of law.  Further, the allegations of these Counts make no references or allegations with respect to Citibank.  In this way, the Complaint does not provide any insight into why the Plaintiff is bringing this lawsuit, how the Defendants (particularly Citibank) purportedly harmed the Plaintiff, and why the Defendants are allegedly liable to the Plaintiff.

Moreover, the Plaintiff cannot possibly allege claims under the FDCPA, FCRA, Perjury, or Mail Fraud statutes because: (i) the FDCPA does not apply to Citibank as a matter of law, (ii) the Plaintiff has failed to state any claim under the FCRA, and (ii) the Perjury and Mail Fraud statutes concern crimes that may only be prosecuted by the state or federal government and, therefore, the Plaintiff does not have standing to assert them.  Even if the Plaintiff can assert a claim under the FCCPA—which she has not done—this Court only must retain jurisdiction of such state law claim if it retains jurisdiction of any potential FDCPA, FCRA, or Mail Fraud claims.  However, given that claims under the FDCPA, FCRA, and Mail Fraud statute cannot properly lie, this Court should dismiss the state law claim under the FCCPA as well.

In sum, none of the claims asserted in this lawsuit have been pleaded properly, nor can they be.  The Plaintiff's Complaint must be dismissed.

---

[2] For purposes of clarity, the statutory citations that were mis-cited in the Complaint have been corrected herein.

### III. Legal Analysis

#### A. The Plaintiff has not Plead Sufficient Facts or Allegations of Law to State a Claim for Relief.

The Complaint as described above clearly runs afoul of the *Federal Rules of Civil Procedure*. Rule 8 of the *Federal Rules of Civil Procedure* requires the Plaintiff to provide the Defendants with sufficient detail to place the Defendants on "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough detail in order to put the defendants on notice of the reason, or legal basis, for the lawsuit and of the general actions taken by the defendants that gave rise to the lawsuit. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief").

Thus, in order to survive a motion to dismiss, a "complaint's allegations must plausibly suggest that the . . . [plaintiff] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The U.S. Supreme Court has held that a complaint, while not needing detailed factual allegations, must provide "more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Further, pleadings containing "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" are insufficient and cannot be sustained. *Jackson v. Bellsouth Telecomms.,* 372 F.3d 1250, 1261 (11th Cir. 2004) (quotations and

citations omitted); *Clime v. Sunwest PEO,* 253 Fed. Appx. 805, 806; 2007 U.S. App. LEXIS 2088 (11th Cir. 2007) (affirming the district court's dismissal of plaintiff's claim where Plaintiff made "conclusory and vague allegations, and his complaint was largely incoherent"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009).

It is abundantly clear that the Complaint violates basic standards of pleading a cause of action. Not only has the Plaintiff failed to identify any facts or alleged conduct of Citibank, individually, but the Plaintiff further fails to allege any other elements necessary to stating a claim such as causation or damages. It must also be noted that the Plaintiff's repeated allegation of "Defendants ZAKHEIM & LAVRAR, P.A., et. al." is also defective as a matter of law. As the Eleventh Circuit has advised, "in a case involving multiple defendants… 'the complaint should inform each defendant of the nature of his alleged participation'" in alleged wrongdoing. *Brooks v. Blue Cross Blue Shield of Fla.,* 116 F.3d 1364, 1381 (11th Cir. 1997); *see also Tires Inc. of Broward v. Goodyear Tire & Rubber Co.,* 295 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003); *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F. Supp. 1437, 1439-40 (M.D. Fla. 1998) (plaintiffs required to "differentiate . . . allegations when suing more than one defendant"). *See also Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04-60604-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 96422; 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (Marra, J.) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, . . . [a plaintiff's] Complaint fails to satisfy the minimum standard of Rule 8."); *Pro Image Installers, Inv. v. Dillon*, No.

3:08cv273/MCR/MD, 2009 U.S. Dist. LEXIS 3777, at *5; 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009).

Even though the Plaintiff is *pro se,* that does not relieve her from the standards required to state a cause of action. *See Clime v. Sunwest Peo, CAN Claimplus, Inc.,* 253 Fed. Appx. 805, 806 (11th Cir. 2007) ("[B]ecause [the *pro se* plaintiff] appeared, at most, to make conclusory and vague allegations, and his complaint was largely incoherent, the district court did not err by dismissing his complaint for failure to state a claim"). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Trawinski v. United Techs., Carrier Corp.,* 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998)), they are nevertheless required to conform to procedural rules. *See Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002). The District Court for the Southern District of Georgia explained this distinction particularly well:

> Not surprisingly, pro se litigants often do not understand complex legal principles and thus fail to plead "foundation facts" to a claim. They cannot, however, simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. To the contrary, plaintiffs must plead factual allegations upon a good faith belief per F.R.Civ.P. 8 and 11. Again, judges cannot and must not "fill in the blanks" for pro se litigants; they may only cut some "linguistic slack" in what is actually pled.

*Bivens v. Roberts*, 2009 U.S. Dist. LEXIS 11832, 12-13 (S.D. Ga. Feb. 18, 2009) Further, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.,*

808 F.2d 358, 359 (5th Cir. 1986)). [3]

### B. The FDCPA does not apply to Citibank as a matter of law and the Plaintiff cannot state a claim against Citibank under the FCRA.

#### i. The FDCPA

Although it is unclear from the Complaint whether the Plaintiff intended to assert a claim against Citibank for allegedly violating the FDCPA as the Plaintiff does not specifically refer to any alleged conduct by Citibank individually, such a claim cannot be asserted in this case, even if the Plaintiff is given leave to amend the complaint. Citibank, as an original creditor, is not subject to the FDCPA. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA.") (citing *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)). An entity like Citibank, which collects debts owed to itself, is not a debt collector: "'[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.'" *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (citing *Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729 (7th Cir. 2004)); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors") (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.

---

[3] As noted in its Notice of Pendency of Other or Prior Similar Actions to be filed pursuant to Local Rule 5.1(G), Citibank previously filed a lawsuit in state court against the Plaintiff seeking to collect on debts owed. *See Citibank (South Dakota), N.A. v. Mary E. Charters*, Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, Civil Division, Case No. 2011-CC-002091, Division V. The Plaintiff has mirrored many of her claims or defenses in that state court action in her complaint in this action.

1985)); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *see also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) ("It is well-settled that provisions of the FDCPA generally apply only to debt collectors. . . . And, creditors are not liable under the FDCPA." (citations omitted)).

Indeed, courts have routinely held that Citibank, as a creditor, is not subject to FDCPA claims. *See e.g., Doherty v. Citibank (South Dakota), N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); *Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115, 119 (D. Conn. 1998); *Meads v. Citicorp Credit Services, Inc.,* 686 F. Supp. 330, 333–34 (S.D. Ga. 1988); *Elias v. Citibank, N.A.*, Case No. 1:02CV0002, Memorandum Opinion (N.D. Ohio Dec. 19, 2003); *Bingham v. ARS National Servs., Inc.*, No. CV99-1661-PHX-MS-PHX-PGR, Order (D. Ariz. April 19, 2000); *Sankowski v. Citibank (South Dakota), N.A.,* NO. 06-CV-02469, 2006 U.S. Dist. LEXIS 48634, 2006 WL 2037463 (E.D. Pa. Jul. 14, 2006) (Citibank is not a debt collector that is subject to the FDCPA because it is collecting debt in its own name); *Dahlhammer v. Citibank (South Dakota), N.A.*, No. 05-cv-1749, 2006 U.S. Dist. LEXIS 86859, 2006 WL 3484352 (M.D. Pa. Nov. 30, 2006) (Citibank acted as a creditor as a matter of law); *Challenger v. Experian Information Solutions, et al.*, No. 06-5263, 2007 U.S. Dist. LEXIS 20246 (D.C. N.J. Mar. 22, 2007) (Court dismisses FDCPA claim against Citibank and rejects bald assertion that Citibank is a debt collector); *Brown v. Citibank (South Dakota), N.A.*, No. 5:06-cv-123-FL, 2006 U.S. Dist. LEXIS 82785 (E.D. N.C. Oct. 19, 2006) (Citibank, as a matter of law, is not subject to the FDCPA because it is a creditor and not a debt collector); *Citibank (South Dakota), N.A. v. Gailit*, No.: 51-2006 CC 1678 EST, Final Summary Judgment on

Counterclaims of Defendant, Pasco County, Florida, (April 2, 2007).

Therefore, the Plaintiff has not and cannot allege any ultimate facts which would support a claim under the FDCPA as to Citibank.

### ii.     The FCRA

Congress enacted the FCRA to require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner that is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. § 1681(b); *see also Whisenant v. First National Bank and Trust Co.*, 258 F. Supp. 2d 1312 (N.D. Okla. 2003). The FCRA consequently imposes distinct duties on three types of entities: (1) consumer reporting agencies, i.e. Equifax, TransUnion, etc. (a "CRA"); (2) users of consumer reports; and (3) furnishers of information to CRAs.  *See id.*; *Vazquez Garcia v. Trans union De Puerto Rico*, 222 F. Supp. 2d 150 (D. P.R. 2002).  Under this scheme, Citibank would be considered a "Furnisher" pursuant to the FCRA.

The only recognized private cause of action under the FCRA relates to a Furnisher's duty, <u>upon notice of a consumer dispute from a CRA</u>, to: (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other national CRAs (hereafter the "Duty to Investigate"). *See id.*; see 15 U.S.C. § 1681s-2(b).

However, the Duty to Investigate is only triggered by a notice from a CRA. *See id.*; *see also* 15 U.S.C. 1681i(a)(2). To be sure, a cause of action will only exist for an alleged violation of the Duty to Investigate if it is demonstrated that a consumer notified a CRA of his or her dispute, the CRA notified the Furnisher of the same, and the Furnisher breached the duty in some fashion. *See id.* Notification of a dispute provided by a consumer directly to the Furnisher will not, and cannot, trigger the Duty to Investigate, and absolutely cannot support a private cause of action against a Furnisher. *See id.*; *see also Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198 (S.D. Cal. 2005); *Gibbs v. SLM Corporation*, 336 F. Supp 2d 1 (D. Mass 2004).

Although it is unclear from the Complaint whether the Plaintiff intended to assert a claim against Citibank for allegedly violating the FCRA, such a claim cannot be asserted in any event, even if the Plaintiff is given leave to amend the complaint, because the Plaintiff has not and cannot allege any factual basis to claim that the Duty to Investigate was triggered by a notice from a CRA. Therefore, the Plaintiff has not and cannot state a claim against Citibank for violating the FCRA as a matter of law.

      C.    **<u>The Perjury and Mail Fraud Statutes Concern Crimes that may Only be Prosecuted by the State or Federal Government and, Therefore, the Plaintiff Does Not Have Standing to Raise Them</u>**.

The Perjury and Mail Fraud statutes cited by the Plaintiff are designated as crimes by state and federal law and are located in the codified criminal codes of Florida law and federal law. *See* Fla. Stat. § 837.02, *see also* 18 U.S.C. § 1341. Neither the Perjury nor the Mail Fraud statutes confer upon a private citizen the right to file a civil action for any

violations thereof.  It is axiomatic that a private citizen, such as the Plaintiff, cannot levy or pursue criminal charges against another under most circumstances.  Such proceedings must be conducted by or through the state or the federal government.  *See, e.g.,* Fla. Stat. § 27.02 ("The state attorney shall appear in the circuit and county courts within his or her judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party . . . ."); 28 U.S.C. § 547 ("each United States attorney, within his district, shall--. . . prosecute for all offenses against the United States"); *see also  Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980) (The "legal system has traditionally accorded wide discretion to criminal prosecutors in the enforcement process."); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("the decision whether or not to prosecute and what charge to file or bring before a grand jury, generally rests entirely in his [the prosecutor's] discretion.").  Therefore, the Perjury and Mail Fraud claims must be dismissed with prejudice.

> **D.    After Dismissal of the FDCPA, FCRA, and Mail Fraud Claims, this Court No Longer Must Retain Jurisdiction of a Claim Raised Under the FCCPA**.

For the reasons discuss in Section III(A), *supra*, the Plaintiff has not stated a claim under the FCCPA.[4]  However, even if the Plaintiff could amend the Complaint to properly state a claim under the FCCPA, such a claim would arise under state law only, specifically Fla. Stat. § 559.72.  Pursuant to Fla. Stat. § 559.77(1), "[a] debtor may bring

---

[4] Additionally, although the Plaintiff has failed to allege the factual basis for her FCCPA claim, to the extent that the claim is premised on actions that took place during the course of litigation in state court, such a claim cannot properly lie as it is precluded by the litigation immunity privilege.  *See* discussion, *supra* at p. 3, n. 1.

a civil action against a person violating the provisions of s. 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred." There is no provision of the FCCPA that would grant jurisdiction of an FCCPA claim to a federal court. Pursuant to 28 U.S. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Therefore, upon dismissing the FDCPA, FCRA, and Mail Fraud Claims with prejudice for the reasons discussed above, this Court should decline to retain jurisdiction of any potential FCCPA claim as there exists a pending action in state court between the parties within which the Plaintiff may attempt to assert any such claims.

## IV. Conclusion

In sum, the Plaintiff's conclusory method of pleading is clearly insufficient under the law as the Complaint fails to state any cause of action as to Citibank. Moreover, the Plaintiff does not allege that she has any relationship with any of the Defendants, including Citibank, or that she has personally suffered any harm due to their alleged conduct. Ultimately, the Plaintiff has not provided sufficient factual or legal basis for this lawsuit that would entitle her to the relief requested. Further, the Plaintiff cannot properly, under any circumstances, assert claims against Citibank under the FDCPA, FCRA, Perjury, and Mail Fraud statutes. As a result, such claims must be dismissed *with prejudice* because the Plaintiff has not and cannot state a claim upon which relief can be granted, and this Court should deny jurisdiction to hear any potential FCCPA claim. For

the foregoing reasons, Citibank respectfully requests that the Court dismiss Plaintiff's First Amended Complaint without leave to amend.


Dated:  November 2, 2011                              Respectfully submitted,


                                                                       _/s/ Stephanie M. Martin_
                                                                         Stephanie M. Martin, Esq.
                                                                         Florida Bar Number 0030585
                                                                         ADAMS AND REESE LLP
                                                                         101 E. Kennedy Blvd., Suite 4000
                                                                         Tampa, FL 33602-5152
                                                                         (813) 402-2880 (Telephone)
                                                                         (813) 402-2887 (Facsimile)
                                                                         Counsel for Defendant, CITIBANK, N.A.

**CERTIFICATE OF SERVICE**

I, Stephanie M. Martin, Esq., do hereby CERTIFY that a true and correct copy of the foregoing has been furnished by Notice of Electronic Filing and first class U.S. Mail on this 2nd day of November, 2011, to: Mary Ellen Charters, Plaintiff, *Pro Se*, 3101 E. Mallory Street, Pensacola, FL 32503.

    */s/ Stephanie M. Martin*
Stephanie M. Martin, Esq.
Florida Bar Number 0030585