IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ELLEN CHARTERS,
        Plaintiff,

vs.                                                  Case No.: 3:11cv384/MCR/EMT

CITIBANK SOUTH DAKOTA, N.A., et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's Motion of Voluntary Dismissal, in which she indicates her intent to withdraw her complaint against Citibank South Dakota N.A. ("Citibank") (doc. 18). This motion was filed in response to Citibank's filing a motion to dismiss with prejudice, based on Plaintiff's failure to state a claim for relief (*see* doc. 10), and the court's order directing Plaintiff to either file a response in opposition to the motion or a motion for voluntary dismissal (doc. 17).[1]

      Rule 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). In the instant case, the parties did not file a stipulation of dismissal; therefore, dismissal without a court order pursuant to Rule 41(a)(1)(A)(ii) is not available. Dismissal under Rule 41(a)(1)(A)(i), however, is available because Defendant Citibank has not filed an answer to Plaintiff's complaint or a motion for summary judgment.[2]

---

[1] Although Plaintiff names five other Defendants in this case, Citibank is the only one who has appeared to date. The status of this case as it pertains to the remaining Defendants will be addressed by separate order.

[2] Although not addressed by the Eleventh Circuit, other courts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case. Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) (affirming dismissal of action where plaintiff filed her dismissal after the defendant filed a Rule 12(b)(6) motion to dismiss); Kilpatrick v. Texas & P.R. Co., 166 F.2d 788, 792 (2d Cir. 1948) (filing a motion to dismiss

Thus, because the requirements of Rule 41(a)(1)(A)(i) have been met, voluntary dismissal of this action without prejudice is appropriate.[3]

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion of Voluntary Dismissal (doc. 18) be **GRANTED** and Citibank South Dakota, N.A. be dismissed as a party to this action.

That the motion to dismiss filed by Citibank (doc. 10) be **DENIED as moot**.

At Pensacola, Florida this 15th day of December 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

for lack of personal jurisdiction before the plaintiff filed notice of dismissal did not preclude the plaintiff from voluntarily dismissing the case); Brown v. T–Ink, LLC., 2007 WL 4098207, at * 3 (E.D. Mich. Nov.16, 2007) ("It is well-established that a plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment.") (citation and quotations omitted); Seippel v. Jenkens & Gilchrist, P.C., 2004 WL 2809205, at * 1 (S.D.N.Y. Dec. 7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").

[3] "A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed." Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995).

Case No. 3:11cv384/MCR/EMT