IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ELLEN CHARTERS,
        Plaintiff,

vs.                              Case No.: 3:11cv384/MCR/EMT

CITIBANK SOUTH DAKOTA, N.A., et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a complaint for alleged violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Florida Consumer Collection Practices Act pursuant to 15 U.S.C. § 1692 (doc. 1). Plaintiff subsequently filed an amended complaint (doc. 3).

        On August 26, 2011, this court issued an order directing the clerk to issue summonses for Defendants and instructing Plaintiff that it was her responsibility to formally serve the amended complaint (doc. 5). In light of Plaintiff's pro se status, the court also provided her with information concerning service, including the fact that the procedural rules require service of the summonses and complaint within 120 days from the date of filing the amended complaint (*id*.).

        Defendant Citibank South Dakota N.A. waived service and moved to dismiss Plaintiff's complaint (docs. 7, 10). Plaintiff was directed to respond to the motion (doc. 13), and thereafter she moved to voluntarily dismiss her case against Citibank (doc. 18). On December 15, 2011 the court entered an order directing Plaintiff to file a notice to the court indicating the status of service upon the remaining Defendants and her intent to proceed in her case against them, or file a motion for voluntary dismissal (doc. 20). Plaintiff responded by filing a "Motion to Continue Complaint," in which she indicated her intent to proceed with her case (doc. 21). In granting her motion on December 28, 2011, the court reminded Plaintiff that if the remaining Defendants did not waive service, she must have them personally served (doc. 22).

Nothing further was received from Plaintiff, and on January 19, 2012, Plaintiff was directed to show cause why this case should not be dismissed for her failure to effect proper service on the remaining Defendants (doc. 23). In this order, the court noted that over 120 days had elapsed since the case was filed and since Plaintiff was directed to serve Defendants, and that no Notice of Appearance had been filed by any Defendant other than Citibank, who had been voluntarily dismissed from this case (*id.*). Additionally, Plaintiff was warned that her failure to respond to the court's order would result in a recommendation that the case be dismissed without prejudice for her failure to comply with an order of the court or failure to prosecute (*id.*). The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely serve the amended complaint and failure to comply with an order of the court.

At Pensacola, Florida, this 7th day of February 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**